IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BUREAU OF COLLECTION | ) |
| RECOVERY LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KEVIN LAWSON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, BUREAU OF COLLECTION RECOVERY LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Jurisdiction arises under the TCPA pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

5. KEVIN LAWSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Orland Park, County of Cook, State of Illinois.

1

6. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to Premier Bankcard MC.

7. Upon information and belief, the debt that Plaintiff was originally allegedly obligated to pay Premier Bankcard MC was purchased, acquired and/or otherwise obtained by Jefferson Capital Systems.

8. The debt that Plaintiff allegedly owed was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. BUREAU OF COLLECTION RECOVERY LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a Limited Liability Company in the State of Minnesota.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

16. In or around March 2011 through in or around April 2011, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff.

17. In or around March 2011 through in or around April 2011, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number.

18. On multiple occasions, during the course of the aforementioned time period, Defendant initiated multiple telephone calls to Plaintiff in a single day.

19. On multiple occasions, during the course of the aforementioned time period, Defendant initiated more than three (3) telephone calls to Plaintiff in a single day.

20. On multiple occasions, during the course of the aforementioned time period, Defendant initiated more than ten (10) telephone calls to Plaintiff in a single day.

21. On multiple occasions, during the course of the aforementioned time period, immediately after Plaintiff disconnected a telephone call from Defendant, Defendant initiated another telephone call to Plaintiff.

22. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

23. On or about March 16, 2011, Defendant initiated a telephone call to Plaintiff.

24. The aforementioned telephone call was placed to Plaintiff's cellular telephone number.

25. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that he was working and that he could not speak to Defendant as his employer did not permit him to accept calls of such nature while he is at work.

26. Despite Plaintiff having advised Defendant that he was unable to speak while he was at work, Defendant's duly authorized representative continued to attempt to collect a debt from Plaintiff.

27. In or around April 2011, during a telephone conversation between Plaintiff and Defendant, Defendant informed Plaintiff that "other actions would be taken against him" if he failed to pay the debt he owed.

28. Plaintiff then inquired what Defendant meant by taking "other actions" against him.

29. Defendant then told Plaintiff that it would bring a lawsuit against him.

30. Defendant further told Plaintiff that it would obtain a judgment him.

31. Defendant further stated to Plaintiff "I am not threatening you. I am telling you what we are going to do to you."

32. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay the debt he allegedly owed then Defendant would file a lawsuit against Plaintiff relative to the debt he allegedly owed.

33. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Defendant would summarily obtain a judgment against Plaintiff.

34. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Plaintiff would not be able to defend himself in a lawsuit brought against him by Defendant.

35. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay the debt he allegedly owed then Defendant would obtain a judgment against Plaintiff relative to the debt he allegedly owed.

36. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

37. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

38. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

39. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

40. In or around April 2011, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant attempted to collect the debt Plaintiff allegedly owed.

41. During the course of the aforementioned telephone call, Defendant stated "people like you who do not pay their bills are the reason the economy is the way it is."

42. Defendant's statement as delineated above is neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

43. The natural consequence of Defendant's statement was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

44. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

45. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

46. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KEVIN LAWSON, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs; and,

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

48. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

49. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

50. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant

51. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, KEVIN LAWSON, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**KEVIN LAWSON**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: May 26, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us